Daniel, Judge,
 

 after stating the case proceeded. — The Court is of the opinion, that neither of the defendants have any interest in the trust fund mentioned in the deed; but that on the death of Frances Cooper, (who only had a life interest in the trust,) without executing or attempting to execute the power of appointment, the remainder of the trust resulted to the donor, Edward Cooper, or his personal representatives. When a particular estate is limited in a will by way of trust, followed by a declaration, that the particular legatee may dispose of the fund, he will not fake a beneficial interest in the capital. He will have a mere power to dispose of it, and no more, because when a limited interest is expressly given, its enlargement by implication will not be permitted. If then, by will, the interest of one thousand pounds be given to A. for life, with a declaration that he may dispose of the principal at his death, the prior limitation will not merge in the general power of disposition; so that A. will take a vested interest for life, with a power to appoint the capital. 1 Roper on Legacies, 430. In
 
 Nannock
 
 v.
 
 Horton,
 
 7 Ves. 392, 394, 398. Mr. Norman bequeathed
 
 to
 
 trustees eight thousand pounds, three
 
 per cent,
 
 consols, to pay the dividends to his son Robert for life ; and after his death, to pay and transfer six thousand pounds, part of the capital, to such persons as Robert should appoint by deed or will. The testator, by codicil, directed that Robert should be paid the dividends for life, of six thousand pounds, part of the eight thousand pounds, three
 
 per cent,
 
 consols, and at his death he should be allowed to dispose of four thousand pounds, part of the six thousand pounds, three
 
 per cent,
 
 consols, instead of the whole of the latter sum. The question was, whether under the will and codicil of the father, Robert took a vested absolute interest in the four thousand pounds stock, or merely an estate for life, with a power of appointing the capital. Lord Eldon, determined that under the will and codicil,
 
 *215
 
 Robert was entited for life only,'with a power to appoint the four thousand pounds stocks. The simple power which Frances Cooper had, was no estate in the trust. A power unexecuted, is not assets to pay debts, 7 Ves. 499; if an appointment be made, the Court will arrest the fund
 
 in transitu
 
 for the benefit of the creditors.
 
 Harrington
 
 v.
 
 Hart,
 
 1 Cox, 131. So the Court will supply the defective execution of a power in some cases, as when it was made to a purchaser for creditors, or for a wife and children; but the non-execution of a power, cannot be supplied.
 
 Holmes
 
 v.
 
 Coghill,
 
 7 Ves. 499.
 
 Brown
 
 v.
 
 Higgs,
 
 8 Ves. 570.
 
 Shannon
 
 v.
 
 Brodstreet,
 
 1 Scho. & L. 63. In limitations of trusts, either of real or personal estate, the construction ought to be made according to the construction of limitations of a legal estate, unless there is a plain intent to the contrary. In
 
 Garth
 
 v.
 
 Baldwin,
 
 2 Ves. Sen. 646, 655, Lord Hardwicke said, “ the principle I go upon, is what I went upon in
 
 Bagshaw
 
 v.
 
 Spencer,
 
 1 Ves. Sen. 142. It is this principle, and not departed from before or since, that in limitations of a trust either
 
 ofpersonal
 
 or real estate, to be determined in this Court, the construction ought to be made according to the construction of ■ limitations of a legal estate, with this distinction, unless the intent of the , ~ , ' i • i i testator or author ot the trust plainly appears to the contrary; but if the intent does not plainly appear to contra-diet and overrule the legal construction of the limitation, it never was laid down that the legal construction should be overruled by any thing but the plain intent.” See also 2 Thomas’s Coke, 699. Whether trust estates, arise under- a will or deed, the same rule applies as to the construction of . . _. the limitation ot the trust estate.
 
 Jix
 
 v.
 
 Lambert,
 
 4 Ves. 725. But a conveyance to a trustee in trust for another for life, does not carry the whole estate to the
 
 cestui que trust;
 
 because the intent is plain, that the parties did not so mean. On failure of appointment under a power to the
 
 cestui que trust,
 
 the trust after the determination of the life estate in it, results
 
 to
 
 the donor. The bill must be dismissed, but without costs on either side. If a bill of inter-pleader is properly filed, the plaintiff is entitled to costs out
 
 *216
 
 of the fund,
 
 Campbell
 
 v.
 
 Solamans,
 
 1 Sim. & Stu. 462; but we cannot allow it in this case.
 

 
 *215
 
 A mer? appoint *°ea
 
 trust,
 
 is not th^trust.™
 

 The con-limitations^ oftrus
 
 tes-b
 
 e the same as of ¡es™es-tates, un-intentío™ the contrary aPPears' Butacon-personalty t0 a trus-tee, m trust for another convey the ^te°to the
 
 cestui lue
 
 caus¿ ¡s did not so mean-
 

 
 *216
 
 Per Curiam. Bill dismissed.